## No. 8868.

### THE STATE OF LOUISIANA vs. J. R. A. GAUTHREAUX ET AL.

In an action by the State against a defaulting sheriff and his sureties for public monies, collected and not accounted for, an averment that the monies collected belong to a particular class and were received within a stated period, will be deemed sufficient. The State cannot be required to allege matters of details not within her knowledge. It would be exacting an impossibility. Exceptions to the vagueness of the demand are properly overruled.

Where objections to trial are based on alleged irregularities in ordering, making and submitting a report of experts, and there is no occasion to complain of the mode in which the same was made and returned, and where testimony show the report to be correct, the ruling of the court will not be disturbed.

Sureties, who have already made payment on account of the sums for which they have subscribed a sheriff's bond, are entitled to credit, and can be held for the difference only.

A rule, taken by experts to have their fees taxed, should have been served on all the parties to the suit. Service on the plaintiff alone is insufficient. The judgment making such rule absolute, although repeated in the judgment on the merits, will prove of no effect.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*J. C. Egan*, Attorney General, for Plaintiff and Appellee.

*W. S. Benedict* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action against a defaulting sheriff and his sureties for public monies collected and not accounted for.

From a judgment adverse to them, two sureties (Fazende and Seixas) have appealed.

They complain that their exceptions to the vagueness of the petition were improperly overruled.

The petition charges substantially: that the amount claimed was

collected in 1879 and 1880, and was not paid over to the State, and that the exact amount is not known to the State.

Such was, no doubt, the fact. How could the State then have specified every item of a claim alleged far to have exceeded one hundred and fifty thousand dollars ?

The rule invoked by the appellants is a sound one ; but it is not such as can be invariably enforced in all cases. Indeed, the law drives no one to an impossibility.

The exception was properly overruled.

On the day of trial, the State offered in evidence a report of experts showing the ascertained amount of delinquency to be $76,396.

The appellants objected to trial on several grounds :

1. That they were not notified by the experts of the time and place of their proceedings ;

2. That no rule was taken to homologate ;

3. The report was not submitted and produced in court, as the law requires ;

4. The defendants had no opportunity of examining the report ;

5. The report was recommitted to the experts without notice to defendants, and the new report is subject to the same objections as the original one ;

6. The supplemental report is not made in conformity with the order of the court, and being produced for the first time, no opportunity has been presented for its examination.

It might be enough, in order to answer those objections, merely to say : that notice is to be given only where either party requests it ; that a rule to homologate was no more necessary than is *required* where testimony taken under commission is returned into court, the law leaving the course to be pursued at the option of the party ; that the filing of the report is a suffcient production and submission of it ; that the defendants, if they thought the report defective and were taken by surprise, could have applied for time ; that the Judge had authority to refer the matter back of his own motion, and that the objections to the supplementary report, being identical with those to the original one, are not better founded.

Had the court sustained the objections, it would have been, no doubt, for the purpose of enabling the defendants to show error in the finding of the experts, and thus affording them relief.

But what importance can be here attached to those objections, when the appellants, in their printed brief, admit the correctness of the report ? That brief contains the following passage :

147

"No dispute arises in the case as to whether or not the amount found by the experts to be due by Gauthreaux, Sheriff, to the State, is or not correct.

" It may be assumed as correct, for the purpose of this argument.

" Nor are the figures found by the court in relation to the various sureties.

" There are two questions presented :

" *First.* Has plaintiff made out a case by his offer of the bond and the report of the experts ?

" *Second.* Can the sureties be mulcted in costs taxed in favor of the experts ? "

The court having overruled the objections to the going to trial, the case proceeded. The report was introduced, and also the testimony of a witness who had acted as one of the experts was heard. The defense offered no counter testimony.

The report and the testimony prove the amount for which the sheriff was found to be a defaulter to be that for which judgment was rendered, viz : $76,396.

It is evident that the object of the contention was not to go into the trial of the case ; but that it ceased, practically, the moment the objections were overruled. It is not here disputed that the court otherwise decided correctly. Why should we then critically examine the report and the testimony ? It is enough, it seems to us, that both the report and the testimony justify the judgment.

The appellants pleaded in the lower court, that they had already satisfied their obligations as sureties, under their bond, up to the full amount of subscription. They have shown payment in part only, and were allowed credit therefor. The State has asked no amendment of the judgment, and the appellants admit its correctness in that particular.

The next complaint is as to the fees allowed the experts.

The amount at which their services were valued was fixed, on a rule by them, on the State only.

The rule should have been taken and determined contradictorily with each and every party to the suit.

The allowance of the same fees in the last part of the judgment does not cure the nullity, in the absence of any averment and proof that the question of the value of those services was at issue and considered on the trial of the case on its merits.

It is, therefore, ordered and decreed that so much of the judgment of the lower court as allows fees to the experts, as well as the decree making absolute the rule for the same, be reversed and set aside ; and

It is further ordered and decreed that, as thus amended, the judgment appealed from be affirmed, appellants to pay costs of the lower court, and appellee those of the appeal.

Fenner, J., takes no part.

Rehearing refused.